UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| The LCF Group, Inc.,<br><br>         Plaintiff,<br><br>    -v-<br><br>JB Ecom LLC d/b/a The Cloudies and Robert Smith,<br><br>         Defendants. | 2:25-cv-90<br>(NJC) (AYS) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff the LCF Group, Inc. ("LCF") initiated this action in New York state court, bringing state-law claims against Defendants JB Ecom LLC d/b/a The Cloudies ("JB Ecom") and Robert Smith ("Smith") (collectively, "Defendants"). (Summons & Compl., ECF No. 1-1.) JB Ecom removed the case to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1441(a), invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Not. Removal ¶¶ 20–21, 27–28, ECF No. 1.)

I have reviewed the entire record, including but not limited to LCF's Complaint, JB Ecom's Notice of Removal, and JB Ecom's Response to the Court's January 9, 2025 Order to Show Cause ("Response") (Order Show Cause, Jan. 9, 2025; Order Show Cause Resp. ("Resp."), ECF No. 8). For the reasons explained below, I find that JB Ecom has failed to establish that this Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

## BACKGROUND

On December 4, 2024, LCF filed this suit in the Supreme Court for the State of New York, Nassau County, bringing state-law breach of contract claims against Defendants.

(Summons & Compl.) LCF served JB Ecom on December 9, 2024. (Not. Removal ¶ 17.) On January 6, 2025, JB Ecom timely filed a Notice of Removal pursuant to 28 U.S.C. § 1441(a), invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Not. Removal ¶ 17–19, 20–21, 27–28.)

On January 9, 2025, I issued an order requiring JB Ecom to show cause by January 23, 2025 why this action should not be remanded to state court for lack of subject matter jurisdiction. (Order Show Cause.) In the Order to Show Cause, I found that JB Ecom had established that the $75,000 amount-in-controversy requirement for diversity jurisdiction was satisfied because the Complaint seeks $131,281.78 in compensatory damages and $42,066.39 in attorney's fees. (*Id.*) I also found that JB Ecom had established that LCF is a citizen of New York because it is incorporated in and operates its principal place of business in that state. (*Id.*) I found, however, that JB Ecom failed to establish complete diversity between LCF and Defendants because the Complaint and Notice of Removal did not establish Defendants' citizenships. (*Id.*) Concerning JB Ecom, the Notice of Removal alleges that JB Ecom "is a limited liability company with a principal place of business . . . [in] Cheyenne, Wyoming" but does not allege the identity or citizenship of JB Ecom's members, as required to establish the citizenship of a limited liability company. (*Id.* (alteration in original); *see also* Not. Removal ¶ 23.) Concerning Smith, the Notice of Removal repeats the Complaint's allegation "upon information and belief" that Smith "is an individual residing and domiciled . . . [in] Loves Park, Illinois" without supporting this conclusory statement with plausible factual allegations. (Not. Removal ¶ 24 (alteration in original); *see also* Order Show Cause;.) In the Order to Show Cause, I cautioned JB Ecom that if its "response does not show that the Court has subject matter jurisdiction over this action, the Complaint will be remanded for lack of subject matter jurisdiction." (Order Show Cause.)

2

On January 23, 2025, JB Ecom timely filed its Response. (Resp.) Along with its Response, JB Ecom submitted a declaration from its counsel Matthew J. Prutting (Prutting Decl., ECF No. 8-1), to which the following exhibits are attached:

(1) JB Ecom's business detail page from the Wyoming Secretary of State's website (ECF No. 8-2);
(2) JB Ecom's funding application, dated August 10, 2024, wherein Smith listed his "home address" as Rockford, Illinois (ECF No. 8-3);
(3) LCF's affidavit of attempted service on Smith at his home in Loves Park, Illinois, dated January 8, 2025 (ECF No. 8-4); and
(4) results from the Illinois Secretary of State Business Search showing that a company owned by Smith is headquartered in Illinois (ECF No. 8-5).

JB Ecom also filed declarations by JB Ecom's co-CEOs Jan Gassman and Benedikt Stransky. (Gassman Decl., ECF No. 8-6; Stransky Decl., ECF No. 8-8.) The declarations attach Gassman's and Stransky's United Arab Emirates resident identification cards. (Gassman ID, ECF No. 8-7; Stransky ID, ECF No. 8-9.)

## LEGAL STANDARDS

"It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 616–17 (2d Cir. 2019) (quotation marks and citations omitted). As the Second Circuit has recognized, "[p]erhaps the most important limit is subject-matter jurisdiction, which defines a court's competence to adjudicate a particular category of cases." *Id.* (quotation marks and citations omitted). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Id.* at 617–18 (quotation marks omitted).

This Court has an independent obligation to determine whether subject matter jurisdiction exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[F]ailure of subject

3

matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If a district court lacks subject matter jurisdiction, it must dismiss the action. *See Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 120–21 (2d Cir. 2024); Fed. R. Civ. P. 12(h)(3). In order to establish diversity jurisdiction under 28 U.S.C. § 1332(a), the party asserting jurisdiction must establish that there is complete diversity among the plaintiffs and defendants and that the amount in controversy exceeds $75,000. *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020) (citing 28 U.S.C. § 1332(a)).

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019). It is well-established that allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes." *Id.* at 54; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-cv-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity jurisdiction."). "For purposes of diversity jurisdiction, the relevant domicile is the parties' domicile at the time the complaint was filed." *Van Buskirk*, 935 F.3d at 53 (citing *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002)).

"[T]he citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016).

## DISCUSSION

JB Ecom has established that Smith is a citizen of Illinois. The Response provides the following factual support for this conclusion: (1) JB Ecom's funding application lists Smith's "home address" as Rockford, Illinois (ECF No. 8-3 at 2); (2) LCF's affidavit of attempted service on Smith shows that LCF attempted to serve Smith at his home in Loves Park, Illinois (ECF No. 8-4); and (3) results from the Illinois Secretary of State Business Search show that a company owned by Smith is headquartered in Illinois (ECF No. 8-5). Together, these facts establish that Illinois is "the place where [Smith] has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk*, 935 F.3d at 53.

JB Ecom, however, still fails to establish its own citizenship. As a limited liability company, JB Ecom's citizenship is that of its members. *See Carter*, 822 F.3d at 60. The Response argues that "both members of JB Ecom are domiciled in Dubai" (Resp. at 2), but the supporting declarations and exhibits do not provide enough information for the Court to determine the veracity of this argument. In their declarations, Gassman and Stransky attest under penalty of perjury the following: (1) that they are "co-CEO[s]" of JB Ecom (Gassman Decl. ¶ 1; Stransky Decl. ¶ 1); (2) that since August 15, 2023, they "have conducted [their] business . . . from Dubai" (Gassman Decl. ¶ 2; Stransky Decl. ¶ 2); and (3) that Gassman, Stransky, and JB Ecom do not have "offices or residences in the state of New York" (Gassman Decl. ¶ 4; Stransky Decl. ¶ 4). The Response also attaches documentation showing that Gassman and Stransky are citizens of Austria, thus presumably showing that they are foreign citizens domiciled in Dubai. (Gassman ID; Stransky ID.) Neither Gassman nor Stransky, however, specifically attests that they are *members* of JB Ecom, much less that they are the *only members*

of JB Ecom, such that the Court can determine the citizenship of all of JB Ecom's members. Neither JB Ecom's assertion that Gassman and Stransky are foreign citizens domiciled in Dubai nor its assertion that the limited liability company itself "does not reside in or do business in New York and has never done business in New York" demonstrate the identity and citizenship of *all members* of JB Ecom as required to establish JB Ecom's citizenship for diversity purposes. Resp. at 1; *see also Carter*, 822 F.3d at 60.

Because it has not "established by sworn affidavit" the identity and citizenship of JB Ecom, JB Ecom has failed to show that there is complete diversity of citizenship between the parties as required for jurisdiction under 28 U.S.C. § 1332(a). *See* Order Show Cause; *see also Tagger*, 951 F.3d at 126.

## CONCLUSION

JB Ecom has failed to establish that there is complete diversity between the parties in this action, as is required for jurisdiction under 28 U.S.C. § 1332(a). This action is therefore remanded to the Supreme Court for the State of New York, Nassau County.

Dated: Central Islip, New York
       February 14, 2025

                                           */s/ Nusrat J. Choudhury*
                                           NUSRAT J. CHOUDHURY
                                           United States District Judge